IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MARATHON PETROLEUM COMPANY LP,<br><br>Plaintiff,<br><br>v.<br><br>3M COMPANY (f/k/a MINNESOTA MINING AND MANUFACTURING CO.); NATIONAL FOAM, INC.; TYCO FIRE PRODUCTS, LP; CHEMGUARD, INC.; HAYDEN & COMPANY; WILLFIRE LLC; and DOE DEFENDANTS 1 TO 20,<br><br>Defendants | Civil Action No. 2:22-cv-10117<br><br>**REPLY IN SUPPORT OF DEFENDANTS 3M, TYCO, AND CHEMGUARD'S JOINT MOTION TO STAY THIS ACTION PENDING TRANSFER DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION** |

Ann Marie Uetz (P48922)
Nicholas J. Ellis (P73174)
FOLEY & LARDNER LLP
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
(313) 234-7100
auetz@foley.com
nellis@foley.com

*Counsel for Tyco Fire Products, LP & Chemguard, Inc., and Willfire HC LLC d/b/a Williams Fire and Hazard Control, Inc.*

Cheryl A. Bush (P37031)
Derek J. Linkous (P82268)
BUSH SEYFERTH PLLC
100 W. Big Beaver Road, Suite 400
Troy, MI 48084
Tel/Fax: (248) 822-7800
bush@bsplaw.com
linkous@bsplaw.com

*Counsel for 3M Company*

In their initial brief, Moving Defendants explained why this Court should stay consideration of Plaintiff's Motion to Remand until after the JPML decides whether to transfer this case to the AFFF MDL. Courts in this district and elsewhere routinely grant such stays pending a JPML decision on transfer. ECF No. 15, PageID.129-132. The requested stay here would foster judicial economy because the MDL Court has already decided numerous motions to remand that—like Plaintiff's motion—challenge the assertion of federal officer jurisdiction. *See id.*, PageID.134-38. Moreover, transfer is virtually certain because Plaintiff's Complaint on its face asserts claims related to AFFF. *Id.*, PageID.129. But even if the JPML for some reason were to decide *not* to transfer the case, this Court could address Plaintiff's Motion to Remand at that point, and the delay occasioned by the stay would have been insignificant: the JPML is scheduled to take up the transfer issue in less than five weeks (on March 31), and can be expected to issue its decision a week or so later. As discussed below, Plaintiff's Opposition provides no good reason for denial of the brief stay requested.

## I. The Weight of Authority Supports a Stay Pending Transfer

In their initial brief, Moving Defendants not only cited numerous cases in which courts granted stays pending a JPML transfer decision, but explained that the two cases cited in Plaintiff's Motion to Remand in which stays were denied—*Curnow* and *Johnson*—represent a minority view, and are readily distinguishable.

1

ECF No. 15, PageID.135. Plaintiff again cites *Curnow* and *Johnson* in its Opposition but makes no real effort to grapple with Moving Defendants' distinction of them.

Plaintiff also cites *Nessel v. Chemguard, Inc.*, No. 1:20-cv-01080 (W.D. Mich. Dec. 9, 2020), in which the State of Michigan—like Plaintiff here—moved to remand on the ground that there was no federal officer jurisdiction because it asserted claims only for damages arising from "commercial" (and not MilSpec) AFFF. While Judge Maloney denied the motion to stay there, he recognized that "[i]t is well established that the Court may stay proceedings as part of its inherent power to control its docket" and that "[c]ourts *often exercise* that power when a case will likely be transferred to an MDL." *Id.* (ECF No. 39, PageID.798) (emphasis added). Moreover—although Plaintiff omits this—Judge Maloney then *denied* the State's motion to remand (*Nessel v. Chemguard*, 2021 WL 744683 (W.D. Mich. Jan. 6, 2021)[1]), and the JPML transferred the case to the MDL. *See In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 2021 WL 755083, at *3 (J.P.M.L. Feb. 4, 2021) (rejecting the State's argument that the case should not be transferred because it "pertains only to 'commercial' AFFF products"). Plaintiff also neglects to mention that in a subsequent case filed by the State of Michigan for PFAS contamination allegedly caused by non-AFFF products, Judge Maloney denied the State's motion

---

[1] A compendium of additional unpublished cases is attached as Exhibit A. It includes *Al-Qawie v. Teva Pharmaceuticals USA, Inc.*, which was inadvertently omitted from the compendium submitted with Moving Defendants' Motion to Stay.

2

for expedited consideration of its motion to remand, *see Nessel v. 3M*, 21-cv-205 (W.D. Mich. Mar. 22, 2021) (ECF No. 13, PageID.7641-42), and then did not decide the motion to remand, allowing the case to be transferred to the MDL with the remand motion pending.[2] This Court ought to do the same.[3]

Plaintiff's assertion that "[c]ourts in the Sixth Circuit routinely reject attempts to stay a district court's resolution of a motion to remand pending a decision to transfer by the JPML" (ECF No. 18, PageID.522) flies in the face of the cases cited in Moving Defendants' initial brief, and is simply wrong. Indeed, Plaintiff cites as support only *Curnow* and *Meyers v. Bayer AG*, a case *from the Eastern District of Wisconsin*. Plaintiff relies on the court's observation in *Curnow* (in 2013) that it was "unclear" whether granting stays was "the usual practice." *Id.*, PageID.527. But Plaintiff simply ignores the multiple cases cited by Moving Defendants from this district more recent than *Curnow*. ECF No. 15, PageID.130-131 (citing *Al-Qawie* and *Bearup*). Indeed, as Judge Leitman recognized in *Al-Qawie*, "courts frequently grant stays pending a decision by the [JPML]." *Id.,* PageID.130. Plaintiff also ignores entirely other cases cited by Moving Defendants, such as *Jackson v. Johnson*

---

[2] The Marathon Petroleum site at issue here is already at issue in the cases now in the MDL. *See Nessel v. 3M*, No. 21-cv-205 (W.D. Mich.) (ECF No. 1-9, PageID.625) (discovery response identifying the site as an "AFFF" site).

[3] Courts have granted stays pending the JPML's transfer decision in other AFFF cases in which plaintiffs were contesting the defendants' removal based on federal officer jurisdiction. *See, e.g.*, *Tibbetts v. 3M Co.*, 2022 WL 252685 (E.D. La. Jan. 27, 2022); *Saracco v. Alaska*, 2021 WL 5567417 (D. Alaska Nov. 29, 2021).

3

*& Johnson, Inc.*, another case from within the Sixth Circuit recognizing the "general rule" that courts "defer ruling on pending motions to remand in MDL litigation until after the JPML has transferred the case to the MDL." *Id.,* PageID.131-132.

When Plaintiff does attempt to address (ECF No. 18, PageID.526) cases cited in the Moving Defendants' initial brief, its effort to distinguish them falls flat:

- Plaintiff suggests that the Court should disregard *Bearup*—in which the court stayed proceedings, including a motion to remand, pending the JPML's decision—because there another court had recently entered a stay in a "nearly identical case." But Plaintiff does not explain how it supports Plaintiff's argument that *two* judges decided a stay would be appropriate rather than just one.

- Plaintiff suggests that *D's Pet Supplies*—another decision in which the court stayed all proceedings, including a motion to remand—is somehow distinguishable because it involved "forty putative class actions" before the JPML; but here, deference to the JPML's transfer decision in the name of efficiency is even more appropriate, where the JPML has already created an AFFF MDL, which encompasses over *2,000* cases.[4]

---

[4] Plaintiff also erroneously states that three cases in front of the court in *D's Pet Supplies* had been transferred to an existing MDL at the time the stay was granted. That was not the case, as made clear by the court's express statement that the stay order "affects all four of the cases now before this Court." 2000 WL 34423492, at *1 n.3.

4

- Plaintiff argues that *Birchett* is distinguishable because a transfer decision there "would not be issued promptly." If true, that would lend further *support* for issuance of a stay here, where the JPML is set to take up the transfer issue in only five weeks. In fact, the timing in *Birchett* was the same as here: the court issued its stay order on December 26, 2007, noting that the JPML was set to take up the transfer issue on January 30, 2008, *i.e.*, only five weeks later. 2007 WL 4569713, at *1.

- Plaintiff also notes that in *Al-Qawie*, there was no pending motion to remand, but the stay order—in which the court held that "a short stay of proceedings will not unduly prejudice" the non-moving party—is directly on point here, where the case likewise "is in the early stages." 2020 WL 6273447, at *1.

- Plaintiff purports to distinguish *Miller* on the basis that it involved "over eighty plaintiffs." But nothing in the decision suggests that the number of plaintiffs was a factor in the court's decision to stay proceedings "to allow the transferee judge to rule on the remand motion if the case is ultimately transferred to the MDL." 2001 WL 34048067, at *6.

Moving Defendants' cited authority provides ample basis for a stay here.

## II. A Stay Will Promote Judicial Economy

Plaintiff argues that this Court should not wait for the JPML's transfer

5

decision, but should decide the remand motion because it "does not present factually or legally difficult issues" and thus "the Court would not need to 'familiarize itself with the intricacies of the case.'" ECF No. 18, PageID.527. But that assertion is belied by Plaintiff's filing of a 20-page opening brief and 7-page reply in support of the remand motion; thus, to decide the motion to remand, the Court would have to wade through over 50 pages of briefing, all told. *See* ECF Nos. 9, 16, 19. And the issues involved are far from simple.[5]

Plaintiff also asserts that this Court should decide the motion to remand because its challenge to federal officer jurisdiction supposedly is "unique." ECF No. 18, PageID.529. But as Moving Defendants have shown, Judge Gergel has already decided numerous motions to remand challenging the assertion of federal officer jurisdiction, and the remand argument here is similar to that in other cases now in the MDL, in which plaintiffs have asserted that there is no federal officer jurisdiction because their complaints disclaimed seeking damages related to MilSpec AFFF. *See* ECF No. 15, PageID.136-138; *see also* ECF No. 16, PageID.19-21. Accordingly, deferring a decision on Plaintiff's motion to remand pending the JPML's transfer

---

[5] Plaintiff cites *Meyers* for the proposition that courts "typically make a preliminary assessment of whether the motion to remand is easily resolved." ECF No. 18, PageID.522. But as the many decisions cited here and in Moving Defendants' initial brief show, courts frequently grant stays pending a JPML decision without making such a "preliminary assessment."

decision would plainly serve judicial economy.[6]

## III. The Balance of Equities Favors a Stay

As previously shown (ECF No. 15, PageID.138-140), considerations of fairness also favor a stay. Again, the stay would be for only a few weeks, and if the case is transferred, Plaintiff will benefit from the voluminous discovery of the defendants that has already occurred, and is ongoing, there. Plaintiff asserts that such discovery will be "largely irrelevant" to its claims because it requires "documents relating to defendants' representations to both Marathon and other refiners relating to the efficacy and environmental safety of their products." ECF No. 18, PageID.532. But those are actually central issues in the MDL. *See In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 357 F. Supp.3d 1391, 1394 (J.P.M.L. 2018) (creating AFFF MDL to address such common issues as "the knowledge of the AFFF manufacturers regarding the dangers of PFOA and PFOS" and "their warnings, if any, regarding proper use and storage of AFFFs").

Dated: February 25, 2022                                    Respectfully submitted,

By: */s/ Nicholas J. Ellis (with consent)*         By: */s/ Derek J. Linkous*
Nicholas J. Ellis (P73174)                                Derek J. Linkous (P82268)

---

[6] Plaintiff also argues that a stay "will result in duplicative litigation" because the parties "would be forced to re-brief" the remand motion in the MDL. ECF No. 18, PageID.528. That is nonsense. If the case is transferred (as expected), Plaintiff need only file a "Notice of Pending Motion to Remand" with the MDL court. *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 2:18-mn-2873 (D.S.C. March 20, 2019) (ECF No. 48) (Case Management Order No. 2) at ¶ 41.

7