UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARATHON PETROLEUM COMPANY LP,

        Plaintiff,                               Case No. 22-10117

v.

                                            HON. MARK A. GOLDSMITH

3M COMPANY, et al.,

        Defendants.

_____/

**OPINION & ORDER**
**GRANTING DEFENDANTS' JOINT MOTION TO STAY (Dkt. 15)**

This matter is before the Court on the joint motion to stay filed by Defendants 3M Company, Tyco Fire Products LP, and Chemguard, Inc. (Dkt. 15). For the reasons stated below, the Court grants the motion and stays all proceedings in this action until after the Judicial Panel on Multidistrict Litigation (JPML) has determined whether this action will be transferred to multidistrict litigation in the United States District Court for the District of South Carolina.[1]

**I. BACKGROUND**

Plaintiff Marathon Petroleum Company LP brings this action against Defendants 3M, National Foam, Inc., Tyco, Chemguard, Hayden & Company, Willfire LLC, and Does 1–20. Marathon filed this action in Michigan's Wayne County Circuit Court, and Defendants Tyco and Chemguard removed it to this Court pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1). Notice of Removal (Dkt. 1). Marathon alleges that its Detroit refinery property was contaminated

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). In addition to the motion, the briefing includes Plaintiff's response (Dkt. 18), Defendants' reply (Dkt. 20), and the notice of joinder/concurrence in the motion filed by Defendant Hayden & Company (Dkt. 21).

by substances contained in aqueous film-forming foam (AFFF) that Defendants manufactured and sold to Marathon.  Compl. ¶¶ 9–10 (Dkt. 1-1).  It seeks to recover costs and damages under Michigan statutory and common law, and it seeks a declaratory judgment.  Id. ¶¶ 121–189.

Many different plaintiffs have brought related actions against the manufacturers and distributers of AFFF, alleging property damage, personal injury, and other harms from exposure to certain chemicals contained in AFFF.  Since December 2018, over 200 of these cases have been transferred to multidistrict litigation in the United States District Court for the District of South Carolina.  See Conditional Transfer Order (CTO–78), In re Aqueous Film-Forming Foams Prods. Liab. Litig. (In re AFFF), No. 2873 (J.P.M.L. Sept. 25, 2018) (Dkt. 1276).  On January 20, 2022, 3M filed with the JPML a Notice of Potential Tag-Along Action.  In re AFFF, Dkt. 1274.  On January 21, 2022, the JPML identified this case as one involving questions of fact common to the previously transferred actions, and it issued a conditional transfer order that transferred this case to multidistrict litigation.  Id., Dkt. 1276.  On February 14, 2022, Marathon filed a motion to vacate the conditional transfer order, which is pending before the JPML. Id., Dkt. 1304.  Marathon argues that this case should not be transferred because federal jurisdiction does not exist, and this case involves unique questions of fact and law.  Id.

In the action before this Court, Marathon has filed a motion to remand, in which it contends that Defendants improperly removed the case because they cannot establish that the federal officer removal statute applies.  Mot. to Remand at 10–20 (Dkt. 9).  3M, Tyco, and Chemguard filed a motion to stay, requesting that the Court stay all proceedings in this action, including a decision on Marathon's motion to remand, until after the JPML issues a decision on transfer.  Mot. to Stay at 2.

## II. ANALYSIS

The Court concludes that a stay of proceedings while the JPML considers and rules upon the transfer issue is appropriate.  The decision to grant or deny a temporary stay of proceedings pending a ruling on the transfer of the matter to the multidistrict litigation court lies within this Court's discretion.  Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).  The power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  Id.  "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."  Id.  at 254–255.  The party seeking a stay bears the burden of showing "that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order."  Ohio Env't Council v. U.S. Dist. Ct., S. Dist. of Ohio, E. Div., 565 F.2d 393, 396 (6th Cir. 1977); see also Hill v. Mitchell, 30 F. Supp. 2d 997, 1000 (S.D. Ohio 1998) (explaining that the party seeking a stay bears the burden "to demonstrate a clear hardship or inequity if the present action moves forward, to address the injury done to the opposing party, and to evaluate the public interest, including the judiciary's interest in efficiency, economy and fairness").

Defendants have shown that there is an important need for delay and that neither the public nor the other party will suffer harm from a stay.  Marathon's motion to vacate that is pending before the JPML was fully briefed as of March 14, 2022.  See In re AFFF, Dkts. 1304, 1325, 1332.  The JPML will take up the motion at its hearing session on March 31, 2022, and it is expected to issue a decision shortly thereafter.  Id., Dkt. 1330; Mot. to Stay at  1–2; Resp. at 4–5.  Thus, given the JPML's expected date of decision, any stay would be brief.  This short duration suggests that neither Marathon nor the public would be prejudiced by undue delay.  See Tench v. Jackson Nat'l

3

Life Ins. Co., No. 99 C 5182, 1999 WL 1044923, at *2 (N.D. Ill. Nov. 12, 1999) (concluding that a stay pending a final transfer decision was appropriate, given that "since the MDL Panel will hear argument on this issue only a week from now, there will be no prejudice to [the plaintiff] from undue delay nor will she be denied the opportunity to be heard on the issue of subject matter jurisdiction. A stay would be for only the limited period until the MDL Panel decides whether to consolidate the instant action, then [the plaintiff] may proceed with all of her desired motions"). Further, there is no urgency to deciding the motion to remand at this time.

In addition, a stay would serve the interests of efficiency, economy, and fairness.  It would be inefficient for the Court to decide the motion to remand if the JPML ultimately determines that this case should be transferred.  See State v. United States Env't Prot. Agency, No. 2:15-cv-2467, 2015 WL 5117699, at *3 (S.D. Ohio Sept. 1, 2015); Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360–1361 (C.D. Cal. 1997) (stating that staying proceedings pending a transfer decision would preserve juridical resources in part because, if the case is transferred, the court "will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge").  The efficiency of staying the proceedings until the transfer issue is resolved is especially apparent here, where, as Defendants note, the district court in South Carolina has overseen numerous cases in the multidistrict litigation for three years and, in that time, has determined a range of issues, including motions to remand.  Mot. to Stay at 11; see also Krejce v. Merck & Co., Inc., No. 4:08-CV-295 CAS, 2008 WL 824269, at *1 (E.D. Mo. March 25, 2008) (granting the defendants' motion to stay when the matter was one of numerous similar class actions filed in courts nationwide and when motions to transfer had been filed with the JPML).

Marathon argues that a stay would not promote the conservation of judicial economy and equity in part because its claim involves a unique set of facts not capable of being repeated.  Resp.

at 14.  But if this case does involve a unique set of facts, the JPML will determine so when it

decides Marathon's motion to vacate the conditional transfer order.

### III. CONCLUSION

For the foregoing reasons, the Court grants the joint motion to stay filed by Defendants 3M,

Tyco, and Chemguard (Dkt. 15) and stays all proceedings in this action until after the JPML has

determined whether this action will be transferred to multidistrict litigation in the United States

District Court for the District of South Carolina.

SO ORDERED.

Dated: March 17, 2022
        Detroit, Michigan

                                          s/Mark A. Goldsmith
                                          MARK A. GOLDSMITH
                                          United States District Judge